IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| SAM THOMPKINS and § | | |
| WILLIE RUTH THOMPKINS § | | PLAINTIFFS |
| § | | |
| v. § | | Civil No. 1:07CV538HSO-JMR |
| § | | |
| ALLSTATE INSURANCE COMPANY § | | DEFENDANT |

ORDER AND REASONS GRANTING PLAINTIFFS'
MOTION FOR LEAVE TO AMEND THE COMPLAINT AND
DENYING DEFENDANT'S MOTION TO STRIKE PLAINTIFFS' MOTION
FOR LEAVE TO AMEND THE COMPLAINT

BEFORE THE COURT is the Motion for Leave to Amend the Complaint filed August 31, 2007 [11-1], in the above-captioned cause by Plaintiffs, Sam and Willie Ruth Thompkins ["Plaintiffs"].  In opposition to Plaintiffs' Motion for Leave, Defendant Allstate Insurance Company ["Defendant"] filed a Motion to Strike on September 5, 2007 [12-1].  Plaintiff filed a Response [14-1] in opposition to Defendant's Motion to Strike on September 13, 2007.  For the reasons detailed below, Plaintiffs' Motion is well taken and must be granted, and Defendant's Motion should be denied.

I. FACTS AND PROCEDURAL HISTORY

This case was originally filed in the Circuit Court of Harrison County, Mississippi, First Judicial District, on November 2, 2006, and stems from an automobile collision that purportedly occurred on July 14, 2003.  *See* Pls.' Compl., Ex. "A" to Def.'s Notice of Removal, ¶ 4.  Plaintiffs' Complaint did not allege an amount in controversy, but after Plaintiffs purportedly responded to requests for

admissions regarding the amount in controversy and denied that the amount in controversy in this lawsuit does not and will never exceed the sum of $75,000.00, exclusive of interest and costs, Defendant removed the case to this Court on April 16, 2007, based on diversity jurisdiction.  *See* Notice of Removal, ¶¶ 8 & 10.

Pursuant to the Scheduling Order entered by this Court on June 12, 2007 [6-1], amendments to pleadings were to be filed on or before July 12, 2007.  *See* Scheduling Order [6-1], ¶ 5a.  On August 3, 2007, Plaintiffs filed a Motion for Leave of Court to Amend Scheduling Order to Allow the Plaintiffs to Amend the Complaint [7-1], and on August 6, 2007, an Ore Tenus Motion was made by Plaintiffs to extend the Amendment Deadline.  Both Motions were granted by the Magistrate Judge in a Text Order dated August 6, 2007, and amended pleadings were then due by August 28, 2007.  However, no amended complaint was filed by Plaintiffs.  Plaintiffs now seek leave of Court to file their Amended Complaint, which is attached as Exhibit "A" to Plaintiffs' Motion for Leave [11-1], and Defendant objects.

## II. DISCUSSION

While the Court has discretion to allow amendments, Federal Rule of Civil Procedure 15(a) provides that leave to amend a party's pleading "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a).  The Fifth Circuit has articulated five considerations in determining whether to grant a party leave to amend a complaint:  1) undue delay, 2) bad faith or dilatory motive, 3) repeated failure to cure deficiencies by previous amendments, 4) undue prejudice to the

opposing party, and 5) futility of the amendment. *See Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004) *(citing Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003) (internal citation omitted)).

In its Motion to Strike, Defendant asserts that Plaintiffs' Motion for Leave should be struck because it is untimely and improper under the Federal Rules of Civil Procedure and because Plaintiffs failed to amend their Complaint when previously given leave by the Court. Plaintiffs' Motion and the attached proposed Amended Complaint were filed three (3) days after the extended deadline for amended pleadings. Regarding any potential prejudice to Defendant in this case, while it is evident that there was discovery conducted while this case was pending in state court, the discovery deadline in this case is not until March 3, 2008, and the trial is currently set for the August 2008 trial calendar. *See* Scheduling Order, ¶ 5d & 5h. Thus, the Court finds that Defendant would not be unduly prejudiced by allowing Plaintiffs to amend their Complaint at this point.

Defendant also argues in its Motion to Strike that Plaintiffs' claims are barred by the applicable statute of limitations, and that Plaintiffs' proposed amendments are futile because the proposed Amended Complaint fails as a matter of law. *See* Def.'s Mot. to Strike, ¶¶ 12-16. While futility of amendment is a factor to be considered by the Court, Defendant in this case seems to argue not that the amendment itself is futile, but that the Complaint as a whole is futile because Plaintiffs' claims are allegedly barred. Because this argument is better suited for a dispositive motion, the Court will consider the futility arguments related to the

amendments below, but will not consider arguments regarding the futility of the Complaint as a whole. If asserted in a dispositive motion, the Court would consider these arguments after they are fully briefed by the parties.

The Fifth Circuit has interpreted "futility" in the amended pleading context to mean that an amended complaint fails to state a claim upon which relief can be granted, applying "the same standard of legal sufficiency as applies under Rule 12(b)(6)." *Stripling v. Jordan Prod. Co., L.L.C.*, 234 F.3d 863, 873 (5th Cir. 2000) (internal quotations omitted). Therefore, the proper consideration is "whether in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the complaint states any valid claim for relief." *Id.* (*quoting Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (internal citations omitted)).

The proposed substantive amendments to Plaintiffs' Complaint are found (1) in the last two sentences of paragraph 4; (2) in the last sentence of paragraph 7; and (3) in new paragraph 8 of the Amended Complaint. Plaintiffs do not add any additional claims for relief to their Complaint which the Defendant could controvert as futile, and thus, Defendant's futility arguments under these facts are more appropriate for a dispositive motion. Therefore, while Plaintiff has already sought and received one extension, in the interest of justice, and because no undue delay, bad faith or dilatory motive on the part of the movant has been shown, the Court is of the opinion that Plaintiffs' Motion for Leave should be granted.

### III. CONCLUSION

As discussed in more detail above, the Court finds that Plaintiffs' Motion for

Leave [11-1] is well taken and should be granted. The Court further finds that Defendant's Motion to Strike [12-1] should be denied.

**IT IS, THEREFORE, ORDERED AND ADJUDGED,** that, for the reasons cited herein, Plaintiffs' Motion for Leave to Amend the Complaint filed August 31, 2007 [11-1], should be and is hereby **GRANTED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED,** that, for the reasons cited herein, Defendant's Motion to Strike Plaintiffs' Motion for Leave to Amend the Complaint on September 5, 2007 [12-1], should be and is hereby **DENIED.**

**SO ORDERED AND ADJUDGED**, this the 15th day of October, 2007.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE